United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30206
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK D. MORRIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-50068-ALL
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Derrick D. Morris appeals his sentence following a guilty-plea conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Morris argues that the district court erred in departing upward on the basis of death pursuant to U.S.S.G. § 5K2.1.

The provision relied upon by Morris applies when a defendant used or possessed a firearm "in connection with the commission or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attempted commission of another offense." U.S.S.G. § 2K2.1(c)(1)(B). Morris has not argued that he used or possessed the assault rifle in relation to an underlying offense, thereby triggering the clause. See id., comment. (n.14). Section 2K2.1 does not take into account the factor of a resultant death if the firearm-possession offense was not related to an underlying offense. See § 5K2.0. Furthermore, the guideline specifically provides that the district court may depart upward on the basis of death. § 2K2.1, comment. (n.16); see also § 5K2.1, p.s. Regardless whether this court applies a de-novo or an abuse-of-discretion standard of review, we affirm the sentence imposed by the district court because it did not err in departing upward on the basis of death. See 18 U.S.C. § 3742(e)(4); United States v. Semsak, No. 02-30153, 2003 WL 21730615, at *1 (9th Cir. Jul. 28, 2003); United States v. Camejo, 333 F.3d 669, 675 (6th Cir. 2003); United States v. Tarantola, 332 F.3d 498, 500 (8th Cir. 2003); but see United States v. Jones, 332 F.3d 1294, 1299-1300 (10th Cir. 2003) (applying de novo standard of review to an appeal pending as of April 30, 2003).

AFFIRMED.